IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH EDWARD PAGE,<br><br>Defendant. | Cause No. CR 23-06-H-BMM<br><br><br>ORDER ON DEFENDANT'S<br>MOTION TO DISMISS (Doc. 52) |

## INTRODUCTION

Defendant Ralph Edward Page ("Page") pleaded guilty in a Montana state district court on July 13, 2022, to the offense of Partner Family Member Assault (3rd or subsequent offense), a felony. (Doc. 53 at 1–2; Doc. 40 at 3.) The Montana state district court sentenced Page to the Department of Corrections for a period of five years, with all time suspended. (Doc. 53 at 2.) Page's Montana state probation officer conducted a search of Page's residence on August 2, 2022. (*Id.*) Page's probation officer located methamphetamine, drug paraphernalia, several different firearms, and approximately 2300 rounds of ammunition. (*Id.*; Doc. 40 at 5.)

The Government charged Page on February 1, 2023, with the offense of Prohibited Person in Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. § 922(g)(1). Page entered a guilty plea in this Court on May 24, 2023. Page has now filed a motion to dismiss this action on the grounds that the statute he is

1

alleged to have violated proves unconstitutional. (Doc. 52 at 1–2.) Page also has filed a conditional motion to withdraw his guilty plea. (Doc. 54.) Page requests that he be permitted to withdraw his guilty plea to litigate the motion to dismiss, but requests that in the event the Court denies Page's motion to dismiss, the Court proceed forward with sentencing as scheduled. (*Id.* at 2.)

## STANDARD OF REVIEW

The recent U.S. Supreme Court decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* instructs the Court on how to assess whether firearm regulations comport with the Second Amendment. 142 S. Ct. 2111, 2129–30 (2022). Courts first must consider whether the plain text of the Second Amendment covers the individual's conduct. *Id.* at 2126. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2129–30. The government then bears the burden of demonstrating that the regulation of the individual's conduct proves consistent with "this Nation's historical tradition of firearm regulation" *Id.* at 2130. The government need only "identify a well-established and representative historical analogue, not a historical twin." *Id.* at 2133.

## DISCUSSION

Page contends that 18 U.S.C. § 922(g)(1) regulates conduct covered by the Second Amendment because it prohibits Page from possessing firearms. (Doc. 53 at 17–18.) Page argues that the Government cannot meet its burden of proving that 18

U.S.C. § 922(g)(1) remains consistent with the Nation's historical tradition of firearm regulation. (*Id.* at 20.) Page argues that no laws permanently disarming citizens based off their criminal history existed before the 20th century. (*Id.*)

The Government responds that the Second Amendment right to bear arms belongs only to "law-abiding, responsible citizens." (Doc. 61 at 3.) The Government thus argues that § 922(g)(1)'s prohibition on a convicted felons' possession of firearms fails to implicate the Second Amendment. (*Id.* at 6.) The Government further argues that even if § 922(g)(1) regulates conduct protected by the Second Amendment, the prohibition proves consistent with the Nation's historical tradition of disarming persons who pose a risk to society. (*Id.* at 10.)

I.     **Whether 18 U.S.C. § 922(g)(1) proves unconstitutional.**

Page relies on the Third Circuit's decision in *Range v. Attorney General* to argue that Second Amendment rights belong to all people, not only "law-abiding, responsible citizens." (Doc. 53 at 12 (citing *Range*, 69 F.4th 96 (3rd Cir. 2023).) The Court recognizes that the Third Circuit held § 922(g)(1) unconstitutional as applied to a defendant convicted of making false statements to obtain food stamps. *Range*, 69 F.4th at 98, 106. The Court finds that this case proves unpersuasive.

The Ninth Circuit addressed the constitutionality of 18 U.S.C. § 922(g)(1) in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), before the U.S. Supreme Court decision in *Bruen*. *United States v. Butts*, 637 F. Supp. 3d 1134, 1137 (D.

Mont. 2022). The Ninth Circuit determined that § 922(g)(1) did not violate the Second Amendment as applied to convicted felons. *Vongxay*, 594 F.3d at 1118.

District courts in the District of Montana have reviewed similar challenges to 18 U.S.C. § 922(g) in the wake of *Bruen*. Those courts unanimously have determined that *Bruen* failed to overturn *Vongxay* and that the restrictions imposed by 18 U.S.C. § 922 do not violate the Second Amendment. *See United States v. Stennerson*, No. CR 22-139-BLG-SPW, 2023 U.S. Dist. LEXIS 31244, at *4 (D. Mont. Feb. 24, 2023); *United States v. Evenson*, No. CR-23-24-BLG-SPW, 2023 U.S. Dist. LEXIS 102051, at *3–5 (D. Mont. June 12, 2023); *United States v. Doney*, No. CR 23-77-BLG-SPW, 2023 U.S. Dist. LEXIS 178333, at *3–7 (D. Mont. Oct. 3, 2023); *United States v. Theo Buffalo Bulltail*, No. CR-22-86-BLG-SPW, 2023 U.S. Dist. LEXIS 149522, at *5–7 (D. Mont. Aug. 24, 2023); *Butts*, 637 F. Supp. 3d at 1138–39 (D. Mont. 2022).

Other district courts across the Ninth Circuit similarly have determined that "*Vongxay* remains binding authority after *Bruen*" and that "section 922(g)(1) does not violate the Second Amendment." *United States v. Hatch*, No. 23-CR-1201-CAB, 2023 U.S. Dist. LEXIS 137354, at *2 (S.D. Cal. Aug. 7, 2023). Districts across the Ninth Circuit echo this sentiment: "*Bruen* is not irreconcilable with pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1)," *United States v. Hunt*, No. 3:18-cr-00475-IM-1, 2023 U.S. Dist. LEXIS 177909, at *5 (D. Or. Oct. 3, 2023);

4

"§ 922(g)(1) remains valid post-*Bruen* and in light of Ninth Circuit precedent," *United States v. Owens*, No. 3:23-cr-00026-SLG-KFR, 2023 U.S. Dist. LEXIS 143910, at *6 (D. Alaska Aug. 17, 2023); "the prohibition on the possession of firearms by felons found in Section 922(g)(1) does not violate the Second Amendment," *United States v. Brown*, No. 2:22-cr-00214-JAD-DJA, 2023 U.S. Dist. LEXIS 192416, at *8 (D. Nev. Aug. 29, 2023); "*Vongxay* is binding on this Court and its analysis is still good law," *United States v. Villalobos*, No. 3:19-cr-00040-DCN, 2023 U.S. Dist. LEXIS 71074, at *24 (D. Idaho April 21, 2023); "until Ninth Circuit precedent holding 18 U.S.C. § 922(g)(1) constitutional is overruled, this Court is bound to follow that precedent," *United States v. Hindman*, No. 3:23-cr-05062-DGE, 2023 U.S. Dist. LEXIS 207838, at *11 (W.D. Wash. Nov. 20, 2023). This Court joins these courts in holding that *Vongxay* remains binding authority after *Bruen* and that § 922(g)(1) passes constitutional scrutiny.

The *Bruen* decision failed to expressly overturn *Vongxay*. The Court "is bound by Ninth Circuit precedent unless that precedent is 'effectively overruled,' which occurs when 'the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority.'" *Butts*, 637 F. Supp. 3d at 1138 (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003)). "'[I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority

5

to cast doubt on the prior circuit precedent.'" *Butts*, 637 F. Supp. 3d at 1138 (quoting *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018)).

The Ninth Circuit in *Vongxay* relied on the U.S. Supreme Court's statement in *District of Columbia v. Heller* that prohibitions on the possession of firearms by felons proved presumptively lawful: "'Like most rights, the right secured by the Second Amendment is not unlimited . . . nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons.'" *Vongxay*, 594 F.3d at 1115 (quoting *Heller*, 554 U.S. 570, 626 (2008)). Other factors support the conclusion that "*Bruen* does not disturb the felon dispossession component of *Heller*." *Butts*, 637 F. Supp. 3d at 1138. The U.S. Supreme Court in *Bruen* continually refers to "law-abiding" citizens, just as it did in *Heller*. *Butts*, 637 F. Supp. 3d at 1137. The U.S. Supreme Court further stated in *Bruen* that "its holding was 'in keeping with *Heller*.'" *Id.* (quoting *Bruen*, 142 S. Ct. at 2126).

Finally, three separate concurrences in *Bruen* recognize that *Bruen* provided no decision on who lawfully may possess a firearm. Justice Alito's concurrence offers the clarification that "[o]ur holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U. S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns."

6

*Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring). Justice Kavanaugh's concurrence, with which Chief Justice Roberts joined, noted that "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations." *Id.* at 2162 (Kavanaugh, J. and Roberts, C.J., concurring) (citing *Heller*, 554 U.S. at 636). Justice Kavanaugh's concurrence further quoted the language from *Heller* and *McDonald* that recognized the presumptive validity of prohibiting the possession of firearms by felons: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . [Footnote 26: We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive.]" *Bruen*, at 2162 (Kavanaugh, J. and Roberts, C.J., concurring) (quoting *Heller*, 554 U. S. at 626–27 and *McDonald*, 561 U.S. at 786).

Ninth Circuit precedent in *Vongxay* binds the Court to conclude that § 922(g)(1) proves constitutional. *Bruen* failed to overturn expressly or impliedly that ruling. Page's challenge fails as to the facial validity of 18 U.S.C. § 922(g)(1). Page appears to attempt to challenge § 922(g)(1) as applied to him. Page's motion indicates potential flaws with the prior convictions for partner family member assault that served as the predicate offenses on which his felony conviction was based. Page has not taken steps to get these convictions or his felony conviction vacated. As such, Page stands before the Court as a person convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

7

The Ninth Circuit has upheld the prohibition on firearms for such persons. *Vongxay*, 594 F.3d at 1118.

## CONCLUSION

*Vongxay* remains binding authority on this Court. *Bruen* failed to expressly overturn *Vongxay* and does not prove "clearly irreconcilable" with Ninth Circuit precedent upholding § 922(g)(1). *Butts*, 637 F. Supp. 3d at 1138. Ninth Circuit precedent obligates the Court to find that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment. It proves neither facially unconstitutional nor unconstitutional as applied to Page. The Court denies Page's motion to dismiss. (Doc. 52.) Page conditioned his motion to withdraw his guilty plea on the granting of his motion to dismiss. (Doc. 54 at 2.) Accordingly, the Court finds that the Court's denial of Page's motion to dismiss mooted Page's motion to withdraw his guilty plea.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Page's Motion to Dismiss (Doc. 52) is **DENIED**.
2. Page's Conditional Motion to Withdraw Guilty Plea (Doc. 54) is **MOOT**.

DATED this 15th day of December, 2023.

_____
Brian Morris, Chief District Judge
United States District Court